UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD FRANKLIN GRAY II,

    Plaintiff,

v.                                                       Case No: 8:17-cv-1157-T-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

Plaintiff, Richard Franklin Gray, II, seeks judicial review of the denial of his claim for a period of disability and disability insurance benefits. As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

## BACKGROUND

### A. Procedural Background

Plaintiff filed an application for disability insurance benefits on April 14, 2014. (Tr. 188.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 94, 110.) Plaintiff then requested an administrative hearing. (Tr. 124.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 38–83.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 19–30.) Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1–4.) Plaintiff then timely filed a

Complaint with this Court. (Dkt. 1.) The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

B. **Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1962, claimed disability beginning on August 1, 2014. (Tr. 38, 205.) Plaintiff has a high school education. (Tr. 209.) Plaintiff's past relevant work experience included work as a department supervisor and dump truck driver. (*Id*.) Plaintiff alleged disability due to a history of heart attacks, multiple stent placements, high blood pressure, chronic chest pain, shortness of breath, chronic obstructive pulmonary disease, asthma, ulcerative colitis, irritable bowel syndrome, upper and lower gastrointestinal problems, liver lesions and partial removal, arthritis, chronic joint pain, acid reflux disease, elevated cholesterol levels, depression, anxiety, mood swings, anger management issues, short and long-term memory issues, and forgetfulness. (Tr. 208.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since August 1, 2014, the alleged onset date. (Tr. 21.) After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: old mycardial infarction, status post two stents with coronary artery disease and hypertension, L4-5 lumbar disease with mild foraminal stenosis, left knee disorder, osteoarthritis, sleep apnea, and colitis. (*Id*.) Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 24.) The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform less than the full range of light work with the following limitations:

> [Plaintiff] can lift/carry 20 pounds occasionally and 10 pounds frequently, and stand, walk, and sit about 6 hours each in an 8 hour workday with normal breaks.

- 2 -

> He can never climb ropes or scaffolds, and can occasionally climb ramps, stairs, and ladders, stoop, kneel, crouch, and crawl. He can frequently balance. He must avoid concentrated exposure to extreme cold, extreme heat, wetness, humidity, excessive vibration, and environmental irritants such as fumes, odors, dusts, gases, and poorly ventilated areas. He must avoid even moderate exposure to industrial hazards such as the use of hazardous industrial machinery and exposure to unprotected heights.

(*Id*.) In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not fully credible. (Tr. 25.)

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined that Plaintiff could not perform his past relevant work. (Tr. 28.) Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a photocopier, marker, and office helper. (Tr. 29.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 30.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, reweigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**ANALYSIS**

Plaintiff challenges the ALJ's decision on the following grounds: (1) the ALJ failed to include limitations for Plaintiff's severe impairment of ulcerative colitis in the RFC assessment; (2) the ALJ erred in failing to consider the opinion of Dr. Martin Canillas; and (3) the ALJ erred in evaluating Plaintiff's subjective complaints. For the reasons that follow, none of these contentions warrant reversal.

**A.  The ALJ's RFC Assessment**

Plaintiff argues that the severe impairments the ALJ found at step two of the sequential evaluation are not reflected in Plaintiff's RFC. Specifically, Plaintiff argues that the ALJ failed to provide limitations for Plaintiff's ulcerative colitis. (Dkt. 17 at 3.) Plaintiff contends that because the ALJ found Plaintiff's ulcerative colitis to be a severe impairment, it must result in at least some impairment of his ability to work. (*Id.*)

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). The

RFC is defined as the most a claimant "can still do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). To determine a claimant's RFC, an ALJ makes an assessment based on all of the relevant evidence of record as to what a claimant can do in a work setting despite any physical, mental, or environmental limitations caused by the claimant's impairments and related symptoms. 20 C.F.R. §§ 404.1545(a)(1), (3), 416.945(a)(1), (3). Therefore, the ALJ's RFC assessment need not be identical to a particular assessment of record or incorporate precise limitations set forth by a physician. *See* 20 C.F.R. § 416.945(a)(3) (stating that all of the record evidence is considered in the RFC assessment). Further, while the ALJ should consider medical opinions regarding a claimant's ability to work in forming the RFC, the medical opinions are distinct from the RFC assessment. *Id.* §§ 404.1527, 404.1545, 416.913(a), 416.927, 416.945.[1] Specifically, a claimant's RFC is a matter reserved for the ALJ's determination, and while a physician's opinion on the matter will be considered, it is not dispositive. 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1).

Plaintiff argues that the ALJ erred in determining Plaintiff's RFC because the ALJ failed to include limitations for Plaintiff's ulcerative colitis. (Dkt. 17 at 3.) In assessing Plaintiff's RFC, the ALJ noted that Plaintiff has a history of ulcerative colitis initially diagnosed in 2010. (Tr. 26, 539, 649.) The ALJ noted that Plaintiff's medical records indicate that he was having three to five bowel movements a day, but that his ulcerative colitis was fairly well controlled and his colonoscopy was normal. (Tr. 26, 540, 650.) In October 2014, Plaintiff reported that he was doing well with medication and he continued to have three to five bowel movements daily. (Tr. 26, 916.) On February 3, 2015, Plaintiff reported having up to three bowel movements per day and some abdominal cramping as he continued his medication. (Tr. 26, 879.) In November 2015, Plaintiff

---

[1] For claims filed before March 27, 2017, including Plaintiff's claim, the rules in 20 C.F.R. §§ 404.1527, 416.927 apply.

presented to the emergency room with complaints of intermittent mild abdominal pain. (Tr. 26, 816.) Upon examination, Plaintiff's abdomen showed no significant tenderness to palpation and a CT scan showed subacute diverticulitis. (Tr. 26, 818.) Later that month, Plaintiff reported constipation with increased medication and requested to return to his previous dosage. (Tr. 26, 805.) Considering Plaintiff's medical history, the ALJ determined that Plaintiff's ulcerative colitis was controlled with medication. (Tr. 27, 824.) In light of Plaintiff's medical records, the ALJ's RFC determination is supported by substantial evidence.

Moreover, Plaintiff has not identified any work-related limitations related to his ulcerative colitis. Plaintiff bears the burden of showing that he has a severe impairment or combination of impairments that may qualify as a disability. *Hutchinson v. Astrue*, 408 F. App'x 324, 326 (11th Cir. 2011) (citing *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986)). "[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). Proof of the mere existence of an impairment does not prove the extent to which the impairment may limit Plaintiff's ability to work. *Hutchinson*, 408 F. App'x. at 326. Here, Plaintiff points to no medical evidence indicating that Plaintiff's ulcerative colitis affected his ability to work.

Additionally, to the extent that Plaintiff points to other evidence which would undermine the ALJ's RFC determination, his contentions misinterpret the narrowly circumscribed nature of the court's appellate review, which precludes us from "re-weigh[ing] the evidence or substitut[ing] our judgment for that [of the Commissioner] . . . even if the evidence preponderates against" the decision. *Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005) (quoting *Bloodsworth*, 703 F.2d at 1239). This court may not reweigh the evidence and decide facts anew and must defer to

the ALJ's decision if it is supported by substantial evidence even if the evidence may preponderate against it. *See Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

    **B.**    **Opinion of Dr. Canillas**

Plaintiff next argues that the ALJ erred in assessing the opinion of Dr. Canillas. (Dkt. 17 at 7.) Specifically, Plaintiff contends that the ALJ failed to properly analyze Dr. Canillas' opinion regarding Plaintiff's overall disability, absences from work, and ability to stand and walk. (*Id*. at 9–10.) Plaintiff argues that the ALJ failed to give sufficient reasons for assigning Dr. Canillas' opinion little weight. (*Id*. at 10.)

On February 1, 2016, Dr. Canillas completed a questionnaire regarding Plaintiff's physical RFC. (Tr. 1107–11.) Dr. Canillas opined that Plaintiff was limited to sitting for twenty minutes at one time before needing to stand, standing for fifteen minutes before needing to sit or walk, and sitting, standing, and walking to less than two hours in an eight-hour workday. (Tr. 1108–09.) He further opined that Plaintiff needed a job that permits shifting positions and that Plaintiff will need to take unscheduled fifteen minute breaks every fifteen to twenty minutes. (Tr. 1109.) Dr. Canillas reported that Plaintiff could lift and carry ten pounds frequently and twenty pounds rarely and could rarely look down, turn his head, and look up and can occasionally hold his head in a static position. (Tr. 1110.) Additionally, Plaintiff could never twist, crouch, squat, and climb ladders and rarely stoop and climb stairs. (*Id*.) Dr. Canillas concluded the Plaintiff would likely miss more than four days of work per month and is incapable of even "low stress" jobs. (Tr. 1108, 1110.)

When assessing the medical evidence, the ALJ must state with particularity the weight afforded to different medical opinions and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). This standard applies equally to the opinions of treating

and non-treating physicians. *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 962 (11th Cir. 2015). In determining the weight to afford a medical opinion, the ALJ considers the examining and treatment relationship between the claimant and doctor, the length of the treatment and the frequency of the examination, the nature and extent of the treatment relationship, the supportability and consistency of the evidence, the specialization of the doctor, and other factors that tend to support or contradict the opinion. *Hearn v. Comm'r of Soc. Sec. Admin.*, 619 F. App'x 892, 895 (11th Cir. 2015). The ALJ may reject the opinion of any physician if the evidence supports a contrary conclusion. *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985).

In his decision, the ALJ considered the opinion of Dr. Canillas and assigned it little weight. (Tr. 28.) The ALJ noted Dr. Canillas' assessment regarding Plaintiff's ability to lift, sit, stand, and walk and Plaintiff's need to shift positions and take unscheduled breaks. (*Id.*) The ALJ also noted Dr. Canillas' opinion regarding Plaintiff's ability to stoop, climb stairs, twist, crouch, squat, and climb ladders. (*Id.*) The ALJ further noted Dr. Canillas' conclusion that Plaintiff would likely miss more than four days of work per month. (*Id.*) However, the ALJ afforded Dr. Canillas' opinion little weight. (*Id.*) The ALJ reasoned that Dr. Canillas' opinions were not supported by the evidence. (*Id.*) While Dr. Canillas' examination showed some paravertebral muscle tenderness and joint and left knee tenderness, Plaintiff had a full range of motion in all joints, his gait was normal, and his strength was a five out of five except in his hips, which were a four out of five. (Tr. 28, 1114–15.) The ALJ further reasoned that objective evidence does not support Dr. Canillas' opinion. (Tr. 28.) Additionally, the ALJ noted that Dr. Canillas' examination was a disability assessment, "which indicates the claimant paid for the examination" and "suggests bias towards the claimant." (*Id.*) Finally, the ALJ stated that Dr. Canillas appeared to have based his opinions on Plaintiff's subjective allegations rather than the objective findings. (*Id.*)

Plaintiff argues that the ALJ erred by failing to acknowledge that as an examining source, Dr. Canillas' opinion was entitled to more weight and that Dr. Canillas' specialty is in sports medicine. (Dkt. 17 at 11–12.) However, the Court finds that the ALJ properly evaluated Dr. Canillas' opinion. First, because Dr. Canillas examined Plaintiff on only one occasion, his opinion is not entitled to the deference that is accorded to opinions of treating physicians. *See Eyre v. Comm'r of Soc. Sec.*, 586 F. App'x 521, 523 (11th Cir. 2014); 20 C.F.R. § 404.1527(c)(3); *see also Heppell-Libsansky v. Comm'r of Soc. Sec.*, 170 F. App'x 693, 698 (11th Cir. 2006) (ruling that the ALJ did not err by failing to accord a physician's opinion controlling weight where physician treated claimant only twice after the alleged onset date, as the physician did not have a longstanding relationship with claimant); *Beegle v. Comm'r of Soc. Sec.*, 482 F. App'x 483, 489 (11th Cir. 2012) (finding that the ALJ was not required to defer to a physician's opinion because the physician only examined the claimant on a single occasion and did not treat him); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987) (finding that physicians' opinions were "not entitled to deference because as one-time examiners they were not treating physicians"). Although Dr. Canillas noted in the "[f]requency and length of contact" section of the RFC questionnaire "[left] knee since 2006" and "cervical pain x 40 years" (Tr. 1107), these notations appear to be a reflection of Plaintiff's subjective statements rather than a description of Dr. Canillas' treating relationship with Plaintiff. Other than his February 1, 2016 treatment of Plaintiff, there are no other opinions or treatment notes from Dr. Canillas in the record. Second, the ALJ discredited Dr. Canillas' opinion because the record did not support his opinions regarding Plaintiff's ability to sit, stand, and walk, his need for unscheduled breaks, and his absences from work. (Tr. 28.) Although he was not required to do so, the ALJ adequately articulated good cause to discredit Dr. Canillas' opinion, namely that the evidence did not support his opinion. *See Winschel*, 631 F.3d at 1179;

*Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986) (rejecting application of the "good cause" standard because the opinion at issue was made by a physician who "saw [claimant] only one time").

Plaintiff challenges the ALJ's finding that Dr. Canillas' opinion was based on Plaintiff's subjective complaints by arguing that consideration of subjective complaints are always a part of a physician's analysis. (Dkt. 17 at 19.) However, a review of the evidence demonstrates that the ALJ's decision to afford Dr. Canillas' opinion little weight is supported by substantial evidence. In November 2015, Plaintiff reported that his back pain was lessened with medication and on examination, there was no tenderness in the neck, upper back, or lower back. (Tr. 26, 800, 802.) Further, Plaintiff demonstrated full range of motion of the shoulders, elbows, and hips. (Tr. 26, 800.) Plaintiff's December 2015 electromyography testing and nerve conduction studies were reported as normal with no evidence of peripheral neuropathy or left lumbosacral radiculopathy. (Tr. 26, 803.) As discussed above, Plaintiff's ulcerative colitis was generally well controlled with medication. *See supra* Section A. The ALJ's decision is further supported by state agency consultant Dr. Sharmishtha Desai's opinion. In June 2014, Dr. Desai opined that Plaintiff could lift and carry twenty pounds occasionally and ten pounds frequently, and stand, walk, and sit for six hours in an eight-hour workday. (Tr. 27, 104.) Dr. Desai further opined that Plaintiff could occasionally climb ramps, stairs, ladders, ropes, and scaffolds, as well as occasionally stoop, kneel, crouch, and crawl. (Tr. 27, 105.) Thus, the ALJ considered Dr. Canillas' opinion, stated that he afforded the opinion little weight, and provided ample reasoning for doing so. (Tr. 28.)

Plaintiff also argues that the ALJ failed to discuss any of the medical evidence that supported or was consistent with Dr. Canillas' opinion. (Dkt. 17 at 12.) However, there is no requirement that the ALJ specifically refer to every piece of evidence from Plaintiff's medical

records in his decision. *Dyer*, 395 F.3d at 1211. Rather, the district court must review the ALJ's decision and determine whether the ALJ considered the plaintiff's medical condition as a whole and also determine whether the ALJ's conclusion, as a whole, was supported by substantial evidence in the record. *Id.* (quoting *Foote v. Charter*, 67 F.3d 1553, 1561 (11th Cir. 1995)). Substantial evidence is something "more than a mere scintilla, but less than a preponderance." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987). Further, while Plaintiff points to various records that allegedly support Dr. Canillas' opinion (Dkt. 17 at 12–17), it is not the role of this Court to reweigh the evidence. Similar to his first argument, Plaintiff's contentions misinterpret the narrowly circumscribed nature of the Court's appellate review, which precludes us from "re-weigh[ing] the evidence or substitut[ing] our judgment for that [of the Commissioner] . . . even if the evidence preponderates against" the decision. *Moore*, 405 F.3d at 1213 (quoting *Bloodsworth*, 703 F.2d at 1239). Accordingly, Plaintiff's contention does not warrant reversal.

### C. Credibility Determination

Plaintiff next contends that the ALJ's credibility finding was not proper. (Dkt. 17 at 21.) Specifically, Plaintiff argues that the ALJ erred in failing to discuss Plaintiff's work history. (*Id.*) Plaintiff asserts the ALJ was required to consider Plaintiff's thirty-four consecutive years of employment in the credibility determination. (Dkt. 17 at 22.)

In addition to the objective evidence of record, the ALJ must consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529(a). A three-part "pain standard" applies when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). A plaintiff must show: (1) objective medical evidence of an underlying medical

condition and either (2) objective medical evidence that substantiates the severity of the pain from the condition or (3) that the objectively determined medical condition is of sufficient severity that it would reasonably be expected to produce the pain alleged. *Id.*; *Wilson*, 284 F.3d at 1225.

An ALJ's determination of the credibility of a claimant's testimony regarding subjective pain is entitled to deference and a reviewing court will not disturb a clearly-articulated credibility finding with substantial supporting evidence in the record. *Foote*, 67 F.3d at 1562. Thus, if an ALJ discredits a claimant's testimony, the ALJ must articulate, explicitly and adequately, reasons for not crediting the testimony. *Holt*, 921 F.2d at 1223–24. "Implicit in this rule is the requirement that such articulation of reasons . . . be supported by substantial evidence." *Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987); *Dyer*, 395 F.3d at 1212 (finding the ALJ's articulation of reasons for discrediting a claimant's testimony supported by substantial evidence because the ALJ considered the claimant's daily activities, frequency of symptoms, and types and dosages of medication). If an ALJ fails to adequately explain the reasons for discrediting a claimant's testimony, the testimony must be accepted as true as a matter of law. *Hale*, 831 F.2d at 1012.

When evaluating a claimant's subjective symptoms, the ALJ must consider factors such as the following: (1) the claimant's daily activities; (2) the nature and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms. 20 C.F.R. § 404.1529(c)(3). The credibility determination does not need to use particular phrases or formulations. However, it cannot merely be a broad rejection that is not enough to enable the reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole. *Dyer*, 395 F.3d at 1210.

As the reviewing Court, "[t]he question is not . . . whether the ALJ could have reasonably credited [claimant's pain] testimony, but whether the ALJ was clearly wrong to discredit it."

*Werner v. Comm'r Soc. Sec.*, 421 F. App'x 935, 938–39 (11th Cir. 2011) (finding that substantial evidence supported the ALJ's decision to discredit claimant's pain testimony because the testimony was inconsistent with claimant's testimony regarding his daily activities and with the records from his treating and examining physicians, showing claimant was capable of doing light work); *Dyer*, 395 F.3d at 1212 (reversing the district court's reversal of the ALJ's decision because "the district court improperly reweighed the evidence and failed to give substantial deference to the Commissioner's decision" to discredit claimant's pain testimony).

In his decision, the ALJ evaluated Plaintiff's subjective symptoms and gave specific reasons as to why he found them not fully credible. The ALJ evaluated Plaintiff's testimony and allegations of pain and other symptoms at length in his decision. (Tr. 25–28.) The ALJ reasoned that Plaintiff's treatment record is inconsistent with his allegations. (Tr. 27.) The ALJ considered Plaintiff's diagnostic testing results and medical examination findings, stating that the examinations "repeatedly showed full range of motion of the spine and in all joints." (*Id.*) The ALJ also noted that Plaintiff's neurological evaluations were generally normal, his gait and station were consistently normal, and his ulcerative colitis was generally well controlled with medication. (*Id.*) The ALJ concluded that the "objective evidence does not support the claimant's allegations that he is unable to do most physical activities or work" and that "claimant's allegations far exceed the objective findings." (*Id.*) Plaintiff's treatment, objective evidence, and effectiveness of medication are all appropriate considerations in evaluating Plaintiff's credibility. 20 C.F.R. § 404.1529(c)(2), (3). Further, while the regulations include prior work as a consideration in determining a claimant's credibility, there is no requirement that a claimant's work history be given significant weight or an extended discussion. *Id.*

Thus, the ALJ properly articulated his reasons for discrediting Plaintiff's subjective complaints of pain, devoting more than four pages of his decision to recount the medical evidence and specify how Plaintiff's subjective complaints were not fully supported by the evidence. (Tr. 25–28.) *See Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (finding that an ALJ's decision is not a broad rejection when it is sufficient to enable the court to conclude that the ALJ considered the claimant's medical condition as a whole); *Leiter v. Comm'r of Soc. Sec. Admin.*, 377 F. App'x 944, 948 (11th Cir. 2010) (finding that the ALJ's credibility determination was supported by substantial evidence because the ALJ clearly articulated explicit reasons for rejecting the claimant's subjective complaints). Therefore, the ALJ properly applied the pain standard and sufficiently articulated his reasons for discrediting Plaintiff's testimony. Plaintiff's final contention does not warrant reversal.

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1. The decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is directed to enter final judgment in favor of the Commissioner and close the case.

**DONE** and **ORDERED** in Tampa, Florida, on August 10, 2018.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record